{¶ 31} This is a close and difficult case. Initially, I note that I agree with the principal opinion that we should not consider the informant's tip in light of the trial court's actions. Also, I agree that the license plate issue is a non-issue.
 {¶ 32} Nevertheless, I believe that enough information surfaced during the stop to permit the officer to continue his investigation and to prolong the stop's duration. The appellant's and Hisle's conflicting stories (the purpose of their trip and their other plans), that Hisle could not pronounce appellant's last name even though they had allegedly been dating for some time, the strong air freshener odor and their nervous appearance supports the officer's decision to prolong the stop for a reasonable amount of time (here a relatively short 20 minute period) until a drug dog arrived. I believe that the officers diligently pursued their investigation and did not extend the stop's duration longer than necessary. Thus, I would affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the CAUSE REMANDED to the trial court for further proceedings consistent with this opinion. Appellee shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J.: Concurs with Concurring Opinion.
Abele, J.: Dissents with Dissenting Opinion.